BILL LOCKYER Attorney General SUSAN DUNCAN LEE Deputy Attorney General
THE HONORABLE TAMARA C. FALOR, COUNTY COUNSEL, COUNTY OF HUMBOLDT, has requested an opinion on the following question:
Is an independent fire protection district eligible to receive Proposition 172 monies under the Local Public Safety Protection and Improvement Act of 1993?
 CONCLUSION
An independent fire protection district is eligible to receive Proposition 172 monies under the Local Public Safety Protection and Improvement Act of 1993.
 ANALYSIS
In 1978, California voters adopted Proposition 13 (Cal. Const., art. XIII A), which sharply reduced the amount of property tax revenues available to support local governments and schools. (See County of Los Angeles v. Sasaki (1994) 23 Cal.App.4th 1442, 1451-1453; 70 Ops.Cal.Atty.Gen. 87, 87-88 (1987).) Since then, the Legislature has taken a number of steps to provide additional funding for cities, counties, special districts, and schools. In 1993, the Legislature proposed, and the voters adopted, Proposition 172, a constitutional amendment known as the Local Public Safety Protection and Improvement Act of 1993, imposing a 0.50 percent sales tax to be used exclusively for local public safety services. (Cal. Const., art. XIII, § 35.)
Under the statutes implementing Proposition 172 (Gov. Code, §§30051-30056),[1] the sales tax revenues in question are deposited in the Local Public Safety Fund of the State Treasury (§§ 30051-30053). The Controller allocates the revenues to the counties in proportion to each county's share of the total statewide taxable sales. (§ 30052.) The counties, in turn, maintain a Public Safety Augmentation Fund for receipt of the revenues, and after retaining a portion of the monies, each county distributes the remainder to the cities within its boundaries according to a statutory formula. (§§ 30054-30055.)
Both the Constitution (Cal. Const., art. XIII, § 35, subds. (a)(3), (d)(2)) and the implementing statutes (§§ 30052, 30054, 30055) restrict the use of Proposition 172 funds to public safety services. "Moneys in the Local Public Safety Fund shall be allocated for use exclusively for public safety services of local agencies." (Cal. Const., art. XIII, § 35, subd. (d)(2).) "`Public safety services' includes, but is not limited to, sheriffs, police, fire protection, county district attorneys, county corrections, and ocean lifeguards. `Public safety services' does not include courts." (§ 30052, subd. (b)(1).)
We recently examined the language of Proposition 172 and concluded that a county board of supervisors had discretion, in each fiscal year, to change the allocation of Proposition 172 funds among eligible public safety service agencies. We further concluded that this discretion included the possible allocation to a public safety service agency that had not received an allocation in any prior fiscal year. (86 Ops.Cal.Atty.Gen. 38 (2003).) We did not address, however, which agencies qualified as public safety service agencies. We now address that question and conclude that an independent fire protection district is eligible to receive Proposition 172 funds from a county.
An independent fire protection district is a special district authorized by statute to provide fire protection services in a defined area. (See Health Saf. Code, § 13800 et seq.) Such districts are not subdivisions of the city or county in which they are located, but are instead separate public agencies organized, existing, and exercising essential government functions pursuant to state law. (Ibid; see, e.g., Consolidated Fire Protection Dist. v. Howard Jarvis Taxpayers' Assn. (1998) 63 Cal.App.4th 211, 214.)
Article XIII, section 35, subdivision (d)(2) of the Constitution provides that Proposition 172 funds "shall be allocated for use exclusively for public safety services of local agencies." We find nothing in this language that would exclude the public safety services provided by an independent fire protection district. If there were any ambiguity about whether fire protection services were "public safety services," that issue was resolved by the Legislature when it defined the latter term in section 30052, subdivision (b)(1), to expressly include "fire protection."
Moreover, an independent fire protection district is plainly a "local agency" under California law. For example, special districts such as fire protection districts are defined as "local agencies" both for purposes of organizing the powers of government at the local level (§ 56054; see generally § 56000, et seq.), and distributing taxes among agencies of government at the local level (Rev. Tax. Code, §95, subds. (a), (m)).
Providing Proposition 172 funds to independent fire protection districts would be consistent with the goals of the constitutional amendment. As stated in subdivision (a), section 35, article XIII of the Constitution:
 "The people of the State of California find and declare all of the following:
 "(1) Public safety services are critically important to the security and well-being of the State's citizens and to the growth and revitalization of the State's economic base.
 "(2) The protection of the public safety is the first responsibility of local government and local officials have an obligation to give priority to the provision of adequate public safety services.
 "(3) In order to assist local government in maintaining a sufficient level of public safety services, the proceeds of the tax enacted pursuant to this section shall be designated exclusively for public safety services."
Nothing in these stated goals suggests an intent to deprive independent fire protection districts of Proposition 172 monies.
We reject the suggestion that the Legislature's implementing statutes exclude special districts from funding eligibility because the statutory language refers only to cities and counties and not to districts. While the tax revenues are initially divided among the counties and the cities according to a statutory formula (§§ 30054-30055), each city and county has discretion to decide how to spend its allocation, limited only by the proviso that the monies be spent exclusively on public safety services in an amount that matches its "base year" funding level. (§§ 30052- 30056; see 86 Ops.Cal.Atty.Gen., supra, at pp. 40-42.)
Because the implementing statutes do not restrict a city's or county's choice of which public safety service agencies to provide funding, a county may allocate Proposition 172 funds to a public safety service agency that it has never funded before. (86 Ops.Cal.Atty.Gen. 38, supra.) Similarly, a county may distribute Proposition 172 funds to an independent fire protection district as part of its funding of "all combined public safety services." (Id. at p. 42.)[2]
Accordingly, we conclude that an independent fire protection district is eligible to receive Proposition 172 monies under the Local Public Safety Protection and Improvement Act of 1993.
[1] All further statutory section references are to the Government Code, unless otherwise indicated.
[2] County boards of supervisors have express general authority to "appropriate in any one year such sum of money as the board of supervisors deems necessary for the purpose of providing fire protection." (§ 25642.) Fire protection districts have express general authority to "accept any revenue, money, grants, goods, or services from any federal, state, regional, or local agency or from any person for any lawful purpose of the district." (Health Saf. Code, §13898.)